KENNETH L. LAWSON
3362 Loulu Street
Honolulu, Hawai'i, 96822
Phone: 808-542-7978
Email:  Kenlawdog@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAI'I

| | |
|---|---|
| KENNETH L. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF HAWAI'I; DAVID LASSNER; MICHAEL BRUNO; CAMILLE NELSON; AND, NICHOLAS MIRKAY,<br><br>Defendants. | CIV. NO. 24-00172 LEK-RT<br><br>PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF KENNETH L. LAWSON; EXHIBITS 1-44; AND<br>CERTIFICATE OF SERVICE<br><br>EXPEDITED HEARING AND ORAL ARGUMENT REQUESTED<br><br>NO TRIAL DATE SET |

## **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65(b), LR 7.1(b), LR 7.10, and considering the Court's Order on April 19, 2024 (Dkt. 19), Plaintiff Kenneth L. Lawson respectfully moves the Court for a Temporary Restraining Order and Preliminary Injunction. In

light of the ongoing irreparble harm caused by Defendants' no-contact order, Decision and ongoing harm of chilling Plaintiff's speech with the ongoing threat of future discipline, including termination, the threat to enforce sanctions that violate the Americans with disability act, Plaintiff files this motion for emergency relief. The latest events occurred on May 3, 8, 9 and 10th of 2024. Defendant Bruno's continued threats to impose sanctions, including termination if Plaintiff engages in protected conduct on Plaintiff is causing Plaintiff ongoing irreparable harm. My First Amendment right to associate with members of the WSRSL community and to speak freely about specific instances of racial discrimination and teach freely on my involvement in the Black U.S. Civil rights movement continue to be chilled by Appellees' retaliatory actions. On May 8, 2024, I was notified by the UH Provost's office that graduating third-year law students had petitioned the administration requesting that I be permitted to attend their graduation ceremony. On May 9, 2024, Defendant Bruno's and Teresa Kono's emails claimed I was free to attend graduation across the street from the WSRSL, but sternly warned me that I was "not to have any type or form of contact with Susan Serrano …" This no-contact order has no geographical boundaries or expiration date.

    I requested to use the WSRSL listserv to notify the students who requested my presence at graduation why I could not attend (i.e., I did not want to be accused of violating the vague and unconstitutional no-contact order). Defendant Bruno denied

2

this request, claiming in his May 9, 2024, email response that my intended use was "not in alignment with the University policies. UH listservs, like other University resources, are … intended for institutional purposes." If there is such a policy, it has never been articulated or enforced at the WSRSL. For example, the following day, May 10, 2024, WSRSL professor sent an email using the WSRSL listserv inquiring whether anyone had a car for rent.

In support of this Motion, Plaintiff incorporates his First Amended Verified Complaint, the accompanying memorandum in support, and all accompanying documents.

Plaintiff brings this Motion for a Temporary Restraining Order and Prelimniary Injunction on good cause on the grounds that he requires an order on his motion for preliminary injunction immediately, as he continues to suffer irreparable harm because he is being deprived of his Constitutional right to free speech and unabridged assembly. This daily, continuous, and unending deprivation of his First Amendment rights has caused and continues to cause, each day, irreparable harm. Plaintiff seeks to speak freely on these issues of public and educational concerns but is afraid he will punished more or terminated by Defendants if he exercises his right to speak on anti-Black racism and discrimination.

Plaintiff continues to suffer irreparable harm because he is being deprived of

3

constitutional rights to free speech and unabridged assembly. This deprivation of rights has caused and is causing irreparable harm. The irreparable harm is ongoing and continuing with no end in sight.

Plaintiff has no adequate remedy at law to rectify the harm caused by Defendants by violating Plaintiff's First Amendment Rights to free speech and unabridged assembly.

## **Ripeness**

Defendants have repeatedly claimed, unsupported by law, that §1983 civil rights First Amendment claims are subject to collective bargaining grievance processes and that pre-enforcement actions are not available to Plaintiff.

Defendants are confusing the "ripeness doctrine" with exhaustion of administrative remedies. Before Plaintiff could amend his complaint to include adverse employment actions, the Decision Maker's Decision had to be final and binding…it had to be "ripe" for review. *See, Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 86,(1982).

> The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable. While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a

4

remedy if the decision is found to be unlawful or otherwise inappropriate.

*Williamson,* 473 U.S. 192-94.

## Exhaustion of Remedies Not Required

It is well settled that the law does not require Plaintiff to exhaust alternative remedies before bringing suit under §1983. *Patsy v. Florida Board of Regents,* 457 U.S. 496, 512-16, 102 S.Ct. 2557, 2566-68, 73 L.Ed. 2d 172 (1982). This is a "flat rule without exception," *Heath v Cleary*, 708 F.2d 1376, 1379 (9th Cir. 1983), and is equally applicable to contractual as well as administrative remedies. *Columbus De. Ass'n v. Columbus City School District*, 623 F. 2d 1155, 1156-57 n.1 (6th Cir. 1980); see also *Alexander v Gardner-Denver Co.,* 415 U.S. 36, 49-50, 94 S.Ct. 1011, 1020-1021, 39 L.Ed. 2d 147 (1974).

Such exhaustion would be meaningless because the results of grievance or arbitration cannot preclude or determine Plaintiff's First Amendment right to speak as a private citizen on a matter of public concern under § 1983. *McDonald v. City of West Branch*, 466 U.S. 284, 104 S. Ct. 1799, 80 L. Ed. 2d 302 (1984).

Again, the Defendants' argument, that "Plaintiff's dispute concerning his disciplinary action is not a uniquely federal question and may be fully resolved through the process provided to him in the C.B.A. and H.R.S. Ch. 89," is wholly irrelevant because Plaintiff is suing under 42 U.S.C. §1983, not under the Collective Bargaining Agreement or under any state-law, labor management act

where exhaustion is usually required. Such contractual remedies are often adequate to redress wrongs related to the contractual obligations of unions and members but do not redress violations of the Federal Constitution. *Patsy, supra*.

Finally, Judge Seabright's decision in *D'Andrea v Univ. Of Haw*. 686 F. Supp. 2d 1079; 2010 U.S. Dist. LEXIS 15031 (2010), where Defendant UH, using the same workplace non-violence policy as in the case at hand, sought to impose a 14-day suspension upon a tenured Professor. Although Judge Seabright dismissed the Plaintiff's case, he did find, relying on 9th Circuit case law, that the Professor had a right, before settling his case with UH, to bring a First Amendment pre-enforcement action in federal court. *Id.* In the case at hand, Plaintiff has the right to bring this pre-enforcement action and request emergency relief from this Court.

The ongoing unconstitutional contact order, threat of future investigations and discipline have a chilling effect on Plaintiff's right to associate, to speak and continue to use his history in the U.S. Black Civil Rights movement to teach and lecture on 4th Amendment and civil rights violations and the threat of future investigations and discipline against him for his constitutionally protected speech violates his First Amendment rights to freedom of speech and academic freedom.

The Defendants' Decision and sanctions discriminate against Plaintiff based on the content and viewpoint of Plaintiff's political speech on anti-Black racism at

6

WSRSL. Defendants' present and blatant threats of future discipline inflict a prior restraint on the Plaintiff's speech. It chills Plaintiff's as Plaintiff is afraid that if he challenges the continued racism he and others are subjected to, Defendants will terminate him.

Specifically, Plaintiff moves this Court to order Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of this the Order, from barring Lawson from the WSRSL campus and teaching in person (b) enforcing the sanctions and punishments rendered in the Decision Maker's December 1, 2023, Decision; and (c) initiating or threatening disciplinary action against Lawson arising from his commentary on anti-Black racism, illegal misclassification of employees to circumvent equal pay for equal work laws, and any other matters of public concern that Professor Lawson chooses to speak on. that Defendant has a history of engaging in.

For these reasons, Plaintiff requests that the Court hear his motion for a temporary restraining order and preliminary injunction. Specifically, Plaintiff moves this Court to order Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them to:

1. Rescind the Decision Maker's December 1, 2023, recommendations and the Appeal Hearing Officer's Final and Binding Decision made February 2, 2024.
2. To rescind Defendant Bruno's orders currently banishing Plaintiff from setting foot on the W.S.R.S.L. campus, where for years he made every effort to teach all his classes in person; to counsel countless individual students on academic and other matters of concern to them; to advise the various student organizations he has repeatedly volunteered to advise over the years; and to carry out his extensive educational and administrative duties related to the legal clinics he directs at W.S.R.S.L., the Hawaiʻi Innocence Project ("H.I.P.") and Beyond Guilt Hawaiʻi ("Beyond Guilt Hawaii");
3. Cease enforcing Defendant U.H.'s workplace-related policies it claims to be based on allegations of speech and conduct that do not rise to the level of harassment as defined in Policies 9.210, 1.202 and 1.204;
4. Cease implementing the uncontituonal no-contact order.
5. Immedaiay cease imposing the remainder of the 30 days supension on Plaintiff.

  Because Plaintiff's constituional rights are being violated now and continuing with no end in sight, it is necessary for the Court to provide temporary relief pending the hearing on Plaintiff's Motion for Preliminary

Injunction, which the Court scheduled on June 14, 2024. If the Court does not grant this Motion for a Temporary Restraining Order prior to the June 14, 2024 hearing, Plaintiff's will continue to suffer irreparable harm with no adequate relief under the law.

Specifically, Plaintiff moves the Court to order Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with Defendants, from enforcing the sanctions and punishments rendered in Defendant Bruno's March 8, 2024 Letter, or any other sanctions, pending the Court's Decision on Plaintiff's Motion for Preliminary Injunction.

Plaintiff also respectfully moves this Court to waive the security requirement under Fed. R. Civ. P. 65(c). When "there is no evidence [a] party will suffer damages from the injunction," the district court may properly require no security. *Conn Gen. Life ins. Co. v New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Here, Defendants will suffer no harm damages from a Temporary Restraining Order or a Preliminary Injunction. These forms of relief will prevent Defendants from infringing Plaintiff's First Amendment rights.

Honolulu, Hawaii
Dated: May 30, 2024

Respectfully submitted,

 */s/ Kenneth L. Lawson*
Kenneth L. Lawson
3362 Loulu Street

9

        Honolulu, Hawai'i, 96822
        Phone: 808-542-7978
        Email:  Kenlawdog@gmail.com
        *Pro Se* Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, a copy of the foregoing pleading was filed electronically to counsel of record. Notice of the filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's Electronic Filing System.

*/s/ Kenneth L. Lawson*
Kenneth L. Lawson
*Pro Se* Plaintiff