# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 24-00172 LEK- RT |
| CASE NAME: | Lawson v. University of Hawaii et al |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 10/25/2024 |

COURT ACTION:  EO: COURT ORDER: INFORMING THE PARTIES OF THE COURT'S RULINGS ON THE PORTION OF PLAINTIFF'S MAY 30, 2024 MOTION SEEKING A PRELIMINARY INJUNCTION, [DKT. NO. 44]; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION, [FILED 10/16/24 (DKT. NO. 115)]

On May 30, 2024, pro se Plaintiff Kenneth L. Lawson ("Lawson" or "Plaintiff") filed his Motion for Temporary Restraining Order and Preliminary Injunction. [Dkt. no. 44.] This Court has previously denied the portion of the motion requesting a temporary restraining order. See Minute Order - EO: Court Order: Denying Plaintiff's Motion for an Expedited Hearing on Motion for a TRO/Preliminary Injunction; Denying the Portion of Plaintiff's May 30, 2024 Motion Seeking a Temporary Restraining Order; and Setting a Hearing on the Portion of Plaintiff's May 30, 2024 Motion Seeking a Preliminary Injunction, filed 6/13/24 (dkt. no. 56). The potion of Lawson's motion seeking a preliminary injunction will be referred to as the "5/30 Motion."

On August 21, 2024, an entering order was issued that identified the issues to be addressed during the September 11, 2024 hearing on the 5/30 Motion. [Minute Order - EO: Court Order Regarding the Hearing on the Portion of Plaintiff's May 30, 2024 Motion Seeking a Preliminary Injunction, filed 8/21/24 (dkt. no. 75) ("8/21 EO").] Those issues were:

> -whether the order that Lawson not have contact with Professor Susan Serrano ("no-contact order") must be lifted; and
>
> -whether the restrictions on Lawson's use of the law school's listserv must be lifted.

[Id. at PageID.2679.] In so limiting the issues to be addressed during the hearing, this Court ruled that all other issues presented in the 5/30 Motion did not involve a prospective injury that Lawson is likely to suffer in the future unless this Court grants a preliminary injunction. See id. ("the preliminary injunction analysis 'demands a

prospective, not a retrospective, examination of injury' because the moving party 'must demonstrate immediate **threatened** harm'" (some citations and internal quotation marks omitted) (quoting Requa v. Kent Sch. Dist. No. 415, 492 F. Supp. 2d 1272, 1281 (W.D. Wash. 2007)) (emphasis in Requa)).

Based on the evidence presented and the arguments at the September 11, 2024 hearing, this Court also finds that Lawson has failed to establish any prospective injury that he is likely to suffer in the future unless this Court grants a preliminary injunction as to the no-contact order and the listserv restrictions. Lawson's 5/30 Motion is therefore DENIED in its entirety.

The denial of Lawson's 5/30 Motion does not constitute a finding or conclusion regarding the issues of: whether Lawson's constitutional rights were violated in the past; and what, if any, injury Lawson suffered as a result of those violations. Those issue are relevant to the case as a whole, but they are not relevant to the preliminary injunction analysis.

A written order will follow that will supersede these rulings. If Lawson wishes to file a motion for reconsideration, he must wait until the written order is filed to do so.

In light of the denial of the 5/30 Motion, Lawson's Motion for Expedited Consideration, [filed 10/16/24 (dkt. no. 115),] is DENIED AS MOOT.

IT IS SO ORDERED.


Submitted by: Carla Cortez, Courtroom Manager