UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH L. LAWSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF HAWAII, DAVID LASSNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; MICHAEL BRUNO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CAMILLE NELSON, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; NICHOLAS A. MIRKAY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND JANE/JOHN DOES 1-10, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>Defendants. | CIV. NO. 24-00172 LEK-RT |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JUNE 30, 2026 ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE QUALIFIED IMMUNITY**

On June 30, 2026, this Court filed an Order Granting Defendants' Motion for Summary Judgment Re Qualified Immunity ("6/30/26 Order"). [Dkt. no. 226.[1]] On July 3, 2026, pro se Plaintiff Kenneth L. Lawson ("Lawson") filed a motion for reconsideration of the 6/30/26 Order ("Motion for Reconsideration"). [Dkt. no. 229.] The Motion for

[1] The 6/30/26 Order is also available at 2026 WL 1893554, although the Westlaw version erroneously states the order was filed on June 20, 2026.

Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Lawson's Motion for Reconsideration is denied for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in the 6/30/26 Order and will not be repeated here, except as relevant to the Motion for Reconsideration.

Lawson's claims arise from the University of Hawai`i's ("the University") response to, *inter alia*, Lawson's conduct during a February 17, 2023 meeting of the faculty of the University's William S. Richardson School of Law ("2/17/23 Meeting" and "WSRSL") and a February 21, 2023 email that Lawson sent through a WSRSL email listserv calling for a boycott of a Black History Month event that he criticized during the 2/17/23 Meeting ("the Event" and "2/21/23 Boycott Email"). See, e.g., First Amended Verified Complaint ("Amended Complaint"), filed 5/30/24 (dkt. no. 43), at ¶¶ 61-65, 91, 108, 124, 188, 200-03. The Amended Complaint asserts: four Title 42 United States Code Section 1983 claims alleging violations of Lawson's First Amendment rights (Counts I-IV); two Section 1983 claims challenging University policies (Counts V and VI); and a Section 1983 claim alleging violations of Lawson's Fourteenth Amendment procedural due process rights (Count VII). See 6/30/26

Order at 2-3 (describing Lawson's remaining claims (citing Amended Complaint at pgs. 60-78)).

Defendants Michael Bruno ("Bruno"), Camille Nelson ("Nelson"), and Nicholas A. Mirkay ("Mirkay" and collectively "Defendants") argued that they were entitled to summary judgment, based on qualified immunity, as to all of the claims remaining against them in their individual capacities. See Motion for Summary Judgment Re Qualified Immunity, filed 5/1/26 (dkt. no. 208) ("Defendants' Summary Judgment Motion"), Mem. in Supp. at 6, 25. The 6/30/26 Order granted Defendants' Summary Judgment Motion in its entirety. See 6/30/26 Order at 60.

Lawson now seeks reconsideration of the 6/30/26 Order because he argues:

-this Court erred in construing Lawson's alternative argument regarding certain statements that were attributed to him as a waiver of any factual dispute regarding whether he made those statements; [Motion for Reconsideration at 2-3;] and

-this Court erred in failing to perform the fifth part of the analysis developed from Pickering v. Board of Education of Township High School District 205, 391 U.S. 563 (1968), and its progeny, [Motion for Reconsideration at 3].

Lawson urges this Court to vacate the 6/30/26 Order and to reinstate his claims against Defendants in their individual capacities. If his claims are not reinstated, Lawson urges this Court to issue a new decision on Defendants' Summary Judgment Motion without construing his alternative argument as a waiver.

[Id. at 3-4.] If reconsideration is denied, Lawson argues this Court should clarify the 6/30/26 Order. [Id. at 4.]

**STANDARD**

Local Rule 60.1 states, in relevant part:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law; and/or
>
> (c) Manifest error of law or fact.

The 6/30/26 Order is not a case-dispositive order, and Lawson seeks reconsideration under Local Rule 60.1(c). See Motion for Reconsideration at 3.

The following principles apply when a district court considers a Local Rule 60.1 motion for reconsideration:

> Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters. Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations, emphasis, and internal quotation marks omitted); see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); see also LR 60.1 ("Motions for reconsideration are disfavored."). A motion for reconsideration must "[f]irst, . . . demonstrate reasons why the court should reconsider its prior decision" and "[s]econd, . . . set forth facts or law of a strongly convincing nature to induce the

> court to reverse its prior decision." Yonemoto v. McDonald, 2015 WL 12711230, at *1 (D. Haw. Apr. 23, 2015) (internal quotation marks and citations omitted). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Alefosio v. Haw. Equal Emp. Opportunity Comm'n, CIV. NO. 24-00329 JMS-RT, 2025 WL 1449029, at *1 (D. Hawai\`i May 1, 2025) (alterations in Alefosio).[2]

**DISCUSSION**

## I. Waiver Argument

In the 6/30/26 Order, this Court stated:

> In response to [Defendants' Summary Judgment] Motion, Lawson argues that, "even assuming he used every contested phrase Defendants attribute to him — the speech is protected as a matter of law." [[Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment Re Qualified Immunity, filed 6/2/26 (dkt. no. 218) ("Opposition to Defendants' Summary Judgment Motion"),] at 1 (citations omitted).] Thus, he asserts that, for purposes of [Defendants' Summary Judgment] Motion, this Court can "assume Plaintiff said everything Defendants attribute to him — 'nice racism,' 'white fragility,' 'woke,' 'not non-violent,' that

[2] The plaintiff's appeal was dismissed. See Alefosio v. U.S. Equal Emp. Opportunity Comm'n, No. 25-3218, 2025 WL 3439623 (9th Cir. Sept. 17, 2025).

> Nelson was 'not Black enough,' and that he 'questioned Nelson's black experience.'" [Id. at 4.] Although Lawson acknowledges that this Court could find that there is a genuine issue of material fact for trial as to whether Lawson made those statements, he urges this Court to "decide protection as a matter of law now." See id. at 8.
>
> This Court construes Lawson's arguments as a waiver of any factual dispute regarding what statements he made during the 2/17/23 Meeting. To the extent that it is necessary to the qualified immunity analysis, this Court will address whether Lawson's specific statements were protected under the First Amendment.

[6/30/26 Order at 19-20 (footnote omitted).]

This Court has previously noted that Lawson denies making some of the statements that the decisionmaker found that Lawson made during the 2/17/23 Meeting, including the statement that Nelson is "not Black enough." See Order Denying Plaintiff's Motion for Summary Judgment, filed 4/30/26 (dkt. no. 206) ("4/30/26 Order"), at 26-27 & n.14.[3] In the 4/30/26 Order, this Court found that there were genuine disputes of material fact regarding the specific words that Lawson used during the 2/17/23 Meeting. See, e.g., id. at 39. Thus, this Court did not rule upon whether the contested statements were protected speech. See, e.g., id. at 36 (noting statements that "**may** be protected speech . . . . were made contemporaneously with other statements

[3] The 4/30/26 Order is also available at 2026 WL 1189265. The 4/30/26 Order addressed Lawson's Motion for Summary Judgment, filed on January 6, 2026 ("Lawson's Summary Judgment Motion"), [dkt. no. 162].

that **likely** were not protected speech, such as Lawson's statements questioning Nelson's Black experience" (emphases added)). In considering Defendants' Summary Judgment Motion, this Court could have again found that there were genuine issues of material fact regarding what specific words Lawson used and declined to rule on whether the statements that Lawson may have said were protected speech.[4]

However, in his Opposition to Defendants' Summary Judgment Motion, Lawson expressly argued that "the factual disputes the Court identified are immaterial to the legal protection question," and that "[t]he Court may, and for qualified-immunity purposes should, decide protection as a matter of law now." [Opp. to Defs.' Summary Judgment Motion at 8.] This Court, upon Lawson's invitation, assumed for purposes of Defendants' Summary Judgment Motion that Lawson made the contested statements, and then proceeded to address whether the statements were protected.[5] See 6/30/26 Order at 19-20.

---

[4] This Court viewed the record in the light most favorable to Defendants in the 4/30/26 Order, see 4/30/26 Order at 27 n.14, and this Court viewed the record in the light most favorable to Lawson in the 6/30/26 Order, see 6/30/26 Order at 21 & n.7. Even viewing the record in the light most favorable to Lawson, this Court would have found that there were genuine issues of material fact regarding the specific words that Lawson used during the 2/17/23 Meeting.

[5] Ultimately, this Court concluded that Lawson's statement that Nelson was "not Black enough" was not protected under the

(. . . continued)

To the extent that Lawson now argues it was error for this Court to assume that he made the contested statements, Lawson invited the alleged error. In the context of an appeal, the Ninth Circuit Court of Appeals stated: "A party waives appellate review by inviting an error when it is aware of the applicable law but nonetheless 'intentionally relinquishe[s] or abandon[s] a known right' by advancing the error . . . ." Comet Techs. USA, Inc. v. XP Power, LLC, 181 F.4th 988, 995 (9th Cir. 2026) (some alterations in Comet Techs.) (quoting United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)). "The requisite intent to invite an error can be inferred when a party insists on" the court action the party later alleges was erroneous. See id. (citations omitted). In the 4/30/26 Order, this Court pointed out that there was a genuine dispute of material fact regarding what Lawson said during the 2/17/23 Meeting and declined to address the issue of whether the disputed statements were protected speech. See discussion of the 4/30/26 Order *supra*. In spite of the analysis in the 4/30/26 Order, Lawson intentionally argued that the factual dispute was immaterial and insisted that this Court reach the issue of whether the contested statements were protected. Lawson's

First Amendment and that it was not necessary to address the other statements Lawson was assumed to have made. See 6/30/26 Order at 23.

insistence in spite of the rulings in the 4/30/26 Order supports an inference that he intended to invite what he now alleges was error. See Comet Techs., 181 F.4th at 995.

Ultimately, Lawson disagrees with this Court's conclusion that the "not Black enough" statement was not protected speech, and Lawson's mere disagreement is not grounds for reconsideration of the 6/30/26 Order. See Haw. Stevedores, 363 F. Supp. 2d at 1269. Lawson's Motion for Reconsideration is therefore denied as to his waiver argument.

This Court emphasizes that it only construed Lawson's argument as a waiver of any factual dispute about the contested statements for purposes of the qualified immunity analysis in the consideration of Defendants' Summary Judgment Motion. In other words, where it is relevant to the litigation of the remaining claims in this case, Lawson is free to argue that he did not make all of the statements that the decisionmaker attributed to him. To the extent that the Motion for Reconsideration requests other clarifications regarding the 6/30/26 Order's assumption that Lawson made the contested statements, the Motion for Reconsideration is denied.

## II. ***Pickering* Analysis**

The Ninth Circuit has described the Pickering analysis as follows:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

Jensen v. Brown, 131 F.4th 677, 686 (9th Cir. 2025) (citation omitted), *quoted in* 4/30/26 Order at 23-24; 6/30/26 Order at 20. The 4/30/26 Order addressed the first three parts of the Pickering analysis, but concluded that it was not necessary to address the last two parts because Lawson did not establish that his protected speech was a substantial or motivating factor in Defendants' actions. See 4/30/26 Order at 24-33. However, the final two parts were addressed to provide guidance to the parties. See id. at 33-37. As to the fifth part of the Pickering analysis, this Court stated: "The potentially protected speech was so closely intertwined with the potentially unprotected speech that this Court cannot, on summary judgment, determine whether Defendants would have acted in the absence of Lawson's protected speech." [Id. at 36-37.]

Lawson argues that the 6/30/26 Order contains a manifest error because this Court failed to perform the fifth part of the Pickering analysis. See Motion for Reconsideration at 3. He appears to argue that, although this Court stated that

the assumed "not Black enough" statement was "'sufficient for the analysis below,'" it failed to explain how that statement satisfied the fifth part of the Pickering analysis. See id. (some quotation marks omitted) (quoting 6/30/26 Order at 23). Lawson fails to recognize the fundamental difference between Lawson's Summary Judgment Motion and Defendants' Summary Judgment Motion.

A discussion of all parts of the Pickering analysis was appropriate in addressing Lawson's Summary Judgment Motion because Lawson asserted that he was entitled to prevail as a matter of law on the merits of all of his claims. See Lawson's Summary Judgment Motion, Mem. in Supp. at 42. In contrast, Defendants' Summary Judgment Motion did not argue that Defendants were entitled to prevail on the merits of Lawson's claims; it argued that Defendants, in their individual capacities, were entitled to qualified immunity. See Defs.' Summary Judgment Motion, Mem. in Supp. at 6, 25. The full Pickering analysis would have been relevant to the constitutional violation prong of the qualified immunity analysis as to Lawson's First Amendment claims. See 6/30/26 Order at 24-25 (quoting qualified immunity standards in Hartzell v. Marana Unified Sch. Dist., 130 F.4th 722, 742 (9th Cir. 2025)). However, this Court had the discretion to decide which of the two prongs should be decided first. See id. at 30

(quoting Saved Mag. v. Spokane Police Dep't, 19 F.4th 1193, 1198 (9th Cir. 2021)). As to Lawson's First Amendment claims against each of Defendants, this Court elected to decide the clearly established right prong first and concluded that, even if Defendants violated Lawson's First Amendment rights, they were entitled to qualified immunity because the right was not clearly established under the circumstances of this case. See id. at 38-39, 45, 53-54. Therefore, it was not necessary for this Court to address the fifth part of the Pickering analysis.

Lawson has failed to establish that there was a manifest error of law in the qualified immunity analysis of his First Amendment claims against Defendants in their individual capacities. Because Lawson has not established any basis for reconsideration, the Motion for Reconsideration is denied as to Lawson's Pickering argument.

All of Lawson's arguments in the Motion for Reconsideration are rejected, even if the argument is not expressly discussed in the instant Order.

## CONCLUSION

For the foregoing reasons, Lawson's Motion for Reconsideration of the June 30, 2026 Order Granting Defendants' Motion for Summary Judgment Re Qualified Immunity, filed July 3, 2026, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 25, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge