UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH L. LAWSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF HAWAII, DAVID LASSNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; MICHAEL BRUNO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; CAMILLE NELSON, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; NICHOLAS A. MIRKAY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND JANE/JOHN DOES 1-10, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>Defendants. | CIV. NO. 24-00172 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FACIAL OVERBREADTH AND VAGUENESS COMPONENTS OF COUNTS V AND VI, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION UNDER RULE 56(G)**

Before the Court is pro se Plaintiff Kenneth L. Lawson's ("Lawson") Motion for Partial Summary Judgment on the Facial Overbreadth and Vagueness Components of Counts V and VI, or in the Alternative for Summary Adjudication Under Rule 56(g) ("Motion"), filed on July 7, 2026. [Dkt. no. 233.] Defendants Michael Bruno ("Bruno"), Camille Nelson ("Nelson"), and Nicholas A. Mirkay ("Mirkay") filed their memorandum in

opposition on August 11, 2026,[1] and Lawson filed his reply on August 13, 2026. [Dkt. nos. 245, 246.] The Motion is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Lawson's Motion is granted in part and denied in part for the reasons set forth below. The Motion is granted insofar as this Court concludes that Lawson has standing to argue that the policies at issue are unconstitutional on their face because they are allegedly overbroad and vague. The Motion is denied in all other respects.

## BACKGROUND

Lawson's claims arise from the University of Hawai`i's ("the University") response to, *inter alia*, Lawson's conduct during a February 17, 2023 meeting of the faculty of the University's William S. Richardson School of Law ("2/17/23 Meeting" and "WSRSL") and a February 21, 2023 email that Lawson sent through a WSRSL email listserv calling for a boycott of a Black History Month event that he criticized during the 2/17/23 Meeting. See, e.g., First Amended Verified Complaint ("Amended

[1] On September 10, 2026, a stipulation and order was filed that: substituted Denise E. Konan ("Konan"), in her official capacity as Interim Provost for the University of Hawai`i at Mānoa, for Bruno, in his official capacity as Provost for the University of Hawai`i at Mānoa; and dismissed, without prejudice, Lawson's claims against Mirkay, in his official capacity. [Dkt. no. 254.] Konan and Nelson, in their official capacities, will be referred to as "Defendants."

Complaint"), filed 5/30/24 (dkt. no. 43), at ¶¶ 61-65, 91, 108, 124, 188, 200-03.

The decision maker in the University's investigative and disciplinary process addressing Lawson's conduct was Dr. Clementina Ceria-Ulep, Dean of the University's Nancy Atmospera-Walch School of Nursing ("Dean Ceria-Ulep"). Dean Ceria-Ulep issued a letter, dated December 1, 2023, stating her findings ("Decision"). See Plaintiff's Separate and Concise Statement of Facts in Support of Motion for Partial Summary Judgment on the Facial Overbreadth and Vagueness Components of Counts V and VI ("Lawson's CSOF"), filed 7/7/26 (dkt. no. 234), at ¶¶ 9-11 (statements of fact regarding the Decision (citing Kenneth L. Lawson Declaration, filed 1/6/26 (dkt. no. 162-2) ("Lawson 1/6/26 Decl."), Exh. M (Decision))).[2] Dean Ceria-Ulep ultimately found that "the evidence does support several allegations which violate both [Executive Policy ('EP')] 9.210[,] the University's Workplace Non-Violence Policy, and EP 1.202, Nondiscrimination, Equal Opportunity and

[2] Lawson's CSOF incorporates the Lawson 1/6/26 Declaration and some of the exhibits thereto as the materials supporting the instant Motion. The Lawson 1/6/26 Declaration was submitted with Plaintiff's Motion for Summary Judgment, [filed 1/6/26 (dkt. no. 162),] which was denied in an order issued on April 30, 2026 ("4/30/26 Order"), dkt. no. 206, *available at* 2026 WL 1189265.

Affirmative Action" and recommended several corrective actions.[3] [Lawson 1/6/26 Decl., Exh. M (Decision) at PageID.3650.] EP 9.210 states, in relevant part:

> The University of Hawai`i prohibits any work related or workplace violence against its students, faculty, staff, visitors and contract employees which materially and substantially interferes with an individual's work, academic performance, and/or workplace safety and/or otherwise subjectively and objectively creates a hostile environment. Such prohibited violent acts may involve physical attack, property damage, as well as written or verbal statements or non-verbal gestures that, to a reasonable person, express or suggest the intent to cause physical or mental harm to another person including but not limited to:
>
> 1. hitting;
>
> 2. pushing and shoving;
>
> 3. throwing or breaking objects;
>
> 4. shouting or yelling in a threatening or hostile manner;
>
> 5. threatening gestures or remarks;
>
> 6. disruptive or hostile actions;
>
> 7. abusive or belligerent language;
>
> 8. sabotage of equipment;
>
> 9. making or sending harassing or threatening telephone calls, letters or

---

[3] On March 8, 2024, Bruno issued a letter informing Lawson that Bruno was adopting the corrective actions recommended in the Decision ("Bruno's 3/8/24 Letter"). See Lawson 1/6/26 Decl., Exh. FF (Bruno's 3/8/24 Letter).

other forms of written or electronic communications;

10. stalking, etc.

[Lawson 1/6/26 Decl., Exh. X (EP 9.210) at 1-2, § III.A.]

EP 1.202 states in pertinent part:

B. Scope

This policy governs the conduct of all University students, employees, and third parties that occur:

1. On University property; or

2. Outside of University property if the conduct was in connection with a University-sponsored program or activity.

. . . .

C. Prohibited Behavior

The University prohibits the following:

. . . .

2. Discriminatory Harassment

Discriminatory Harassment is unwelcome conduct based on a protected category when:

. . . .

c. When such conduct is unwelcome to the person to whom it is directed or to others directly aware of it and when such conduct is:

(1) Severe, persistent, or pervasive; and

(2) Has the purpose or effect of either:

(a) Unreasonably interfering with the student's academic performance or the employee's work performance, or

(b) Creating an intimidating, hostile, or offensive work or educational environment.

The conduct must be both objectively and subjectively offensive. That is, the Complainant must view the conduct as offensive, and a reasonable person must also view the conduct as offensive. "Reasonable person" means a reasonable person under similar circumstances and with similar identities to the Complainant (e.g., age, race, religion).

Petty slights, annoyances, and isolated incidents (unless extremely serious) will not rise to the level of discriminatory harassment.

Examples of Discriminatory Harassment Based on a Protected Category if unwelcome and persistent, pervasive, or severe:

. . . .

- Offensive remarks about a person's, race, color, age, disability, pregnancy, breastfeeding, national origin, religion or other protected category[.]

[Id., Exh. W (EP 1.202) at 4-6, § III.B, C (footnote and emphases omitted).]

The remaining claims in this case are:[4]

-a Title 42 United States Code Section 1983 claim alleging First Amendment retaliation against Defendants, in their official capacities ("Count III"); [Amended Complaint at pg. 66;]

-a Section 1983 claim alleging prior restraint of Lawson's First Amendment rights against Konan, in her official capacity ("Count IV"); [id. at pgs. 66-68;]

-a Section 1983 claim against Konan, in her official capacity, asserting a facial and as-applied challenge to EP 1.202 ("Count V"); [id. at pgs. 68-71;] and

-a Section 1983 claim against Konan, in her official capacity, asserting a facial and as-applied challenge to EP 9.210 ("Count VI"), [id. at pgs. 71-74].

In the instant Motion, Lawson seeks partial summary judgment as to Counts V and VI. Specifically, Lawson seeks summary judgment rulings that:

-"EP 9.210 [is] facially overbroad and vague to the extent it classifies protected speech as workplace violence through undefined terms such as 'mental harm,' 'hostile,' 'abusive,' 'belligerent,' and 'disruptive,' without a constitutional limiting principle;" [Motion at 2;] and

-"EP 1.202 [is] unconstitutional to the extent it authorizes discipline for protected academic speech on matters of public concern based on listener offense, perceived hostility, or identity-indexed disagreement, without a

[4] Some of the claims in the Amended Complaint were previously dismissed. See Order Granting in Part and Denying in Part Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Verified Complaint [Dkt. 43], filed 1/31/25 (dkt. no. 138), at 26-28, *available at* 2025 WL 358432. Summary judgment, based on qualified immunity, was granted in favor of Bruno, Nelson, and Mirkay as to all of Lawson's claims against them in their individual capacities. See Order Granting Defendants' Motion for Summary Judgment Re Qualified Immunity, filed 6/30/26 (dkt. no. 226) ("6/30/26 Order"), at 60, *available at* 2026 WL 1893554.

> limiting construction requiring unlawful harassment, true threats, or actual disruption," [id. at 3].

Defendants respond that: Lawson does not have standing to bring facial challenges to EP 9.210 and EP 1.202 because he is not currently facing a credible threat of discipline under those policies; and, even if Lawson has standing, he has failed to establish that EP 9.210 and EP 1.202 are facially unconstitutional. See Mem. in Opp. at 1-2.

## DISCUSSION

### I. Scope of the Record and the Issues

Defendants did not file a response to Lawson's CSOF. Therefore, for purposes of the instant Motion, the material **facts** set forth in Lawson's CSOF will be deemed admitted. See Local Rule LR56.1(g). To the extent that Lawson's CSOF includes arguments of law, those will not be deemed admitted. This Court also construes Defendants' failure to file a response to Lawson's CSOF as a waiver of any objection to the authenticity of the exhibits incorporated in Lawson's CSOF. In fact, Defendants' memorandum in opposition cites Lawson's exhibits for the policies at issue in the Motion. See, e.g., Mem. in Opp. at 4-6 (citing dkt. no. 162-26 at 1-2; dkt. no. 162-25 at 4-6). Therefore, this Court will consider Lawson's exhibits in ruling on the Motion.

Defendants' memorandum in opposition asks this Court to rule that EP 9.210 and EP 1.202 are constitutional on their face and to dismiss those portions of Counts V and VI. See Mem. in Opp. at 18. However, Defendants' memorandum in opposition was not filed as a combined memorandum in opposition and counter motion. Cf. Local Rule LR7.7 ("Any motion raising the same subject matter as an original motion may be filed by the responding party together with the party's opposition . . . . A party's memorandum in support of the counter motion must be combined into one document with the party's memorandum in opposition to the original motion . . . ."). Further, Defendants did not file a motion seeking disposition in their favor of Lawson's facial challenges. Defendants' request for dismissal in their memorandum in opposition is not properly before this Court, and therefore the request will not be ruled upon.

**II. Standing**

Having determined the scope of the record relevant to the Motion, this Court turns first to Defendants' argument that Lawson's facial challenges to EP 9.210 and EP 1.202 fail because he lacks standing. See LA All. for Hum. Rts. v. Cnty. of Los Angeles, 14 F.4th 947, 956 (9th Cir. 2021) ("Standing is a threshold matter of jurisdiction." (citation omitted)). The Ninth Circuit Court of Appeals has stated:

> Although plaintiffs are generally limited to enforcing their own rights, standing is broader for facial First Amendment challenges. We have long held that plaintiffs have standing to challenge exceptions as underinclusive when the exception does not apply to the plaintiff. See Ripplinger v. Collins, 868 F.2d 1043, 1048 (9th Cir. 1989) ("Plaintiffs . . . have standing to claim a constitutional violation because others similarly situated are exempt from the operation of a state law adversely affecting the plaintiffs."). Similarly, a plaintiff alleging that a statute is void for vagueness and overbreadth resulting in a chilling effect on speech has standing even if the law is constitutional as applied to him. See S.O.C., Inc. v. County of Clark, 152 F.3d 1136, 1142-43 (9th Cir. 1998).

Maldonado v. Morales, 556 F.3d 1037, 1044 (9th Cir. 2009) (alteration in Maldonado). The Ninth Circuit held that Maldonado had standing to assert facial First Amendment and equal protection challenges to provisions of a statute that had not been applied to him. See id.

Bruno's 3/8/24 Letter warned Lawson that "any future violations of University policy of similar nature may result in disciplinary action, up to and including discharge." See Lawson 1/6/26 Decl., Exh. FF (Bruno's 3/8/24 Letter) at PageID.3752. Lawson alleges that the threat of future investigations and discipline for future violations similar to the violations of EP 9.210 and EP 1.202 has a chilling effect on his constitutionally protected speech. See Amended Complaint at ¶ 352. Even viewing the record in the light most favorable to

Defendants,[5] there are no genuine issues of material fact, and this Court concludes that, as a matter of law, Lawson has standing to pursue his claims that EP 9.210 and EP 1.202 are unconstitutional on their face because they are overbroad and vague. Lawson's Motion is therefore granted as to his request for a ruling that he has standing to pursue the portions of Counts V and VI at issue in the Motion. See Motion, Mem. in Supp. at 8 ("Plaintiff has standing to seek the prospective relief these counts plead.").

## III. Lawson's Facial Challenges

### A. Overbreadth

> In analyzing [facial overbreadth] challenges in the public employment context, we apply a modified Pickering [v. Board of Education of Township High School District 205, 391 U.S. 563 (1968),[6]] balancing analysis that closely tracks the test used for First Amendment retaliation claims. See United States v. Treasury Employees, 513 U.S. 454, 466-68, 115 S. Ct. 1003, 130 L. Ed. 2d 964 (1995) (NTEU). We first ask whether the challenged restriction applies to employees' speech in their capacity as private citizens on matters of public concern. If it does, we then ask whether the government has an adequate justification for treating its employees differently from other members of the general public. Barone v. City of Springfield, 902 F.3d 1091, 1102 (9th Cir. 2018).

[5] In considering Lawson's Motion, this Court must view the record in the light most favorable to Defendants as the nonmoving party. See Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021).

[6] This Court has previously discussed the Pickering analysis in the context of Lawson's First Amendment claims. See, e.g., 4/30/26 Order at 22-25; 6/30/26 Order at 20-21.

> Because the challenge in this context targets a prospective restriction on a broad category of expression, rather than punishment imposed after-the-fact for a specific instance of speech, the government bears a heavier burden to justify the scope of the restriction. Id. at 1105. The government must show that the combined First Amendment interests of the public and current and future employees are outweighed by the speech's "'necessary impact on the actual operation' of the Government." NTEU, 513 U.S. at 468, 115 S. Ct. 1003 (quoting Pickering, 391 U.S. at 571, 88 S. Ct. 1731). The harms on which the government relies must be "real, not merely conjectural," and the proposed restriction must "in fact alleviate these harms in a direct and material way." Id. at 475, 115 S. Ct. 1003 (quoting Turner Broadcasting System, Inc. v. FCC, 512 U.S. 622, 664, 114 S. Ct. 2445, 129 L. Ed. 2d 497 (1994)). A restriction on speech is facially overbroad if, applying this standard, "a substantial number of its applications are unconstitutional, judged in relation to the [provision's] plainly legitimate sweep." United States v. Stevens, 559 U.S. 460, 473, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010) (quoting Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 n.6, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008)).

Hernandez v. City of Phoenix, 43 F.4th 966, 980 (9th Cir. 2022) (some alterations in Hernandez).[7]

### 1. EP 9.210

As to the first step of the analysis, EP 9.210 expressly prohibits "work related or workplace violence . . . .

[7] Lawson's arguments based on Counterman v. Colorado, 600 U.S. 66 (2023), [Motion, Mem. in Supp. at 12-13,] are rejected because the criminal offense analysis in that case is inapplicable in this case.

which materially and substantially interferes with an individual's work, academic performance, and/or workplace safety and/or otherwise subjectively and objectively creates a hostile environment." [Lawson 1/6/26 Decl., Exh. X at 1, § III.A.] Thus, it is not intended to apply to employee speech on matters of public concern made in the employee's capacity as a private citizen. However, it is possible that some applications of EP 9.210 may affect speech that is protected under the First Amendment. The purpose statement of EP 9.210 provides:

> The University of Hawai`i is an institution which encourages the intellectual and personal growth of its students as scholars and citizens and recognizes the need to maintain a safe and secure environment for faculty and staff to fulfill the University of Hawai`i's mission of teaching, research and service. In order to maintain an environment where these goals can be achieved safely and equitably, the University promotes civility, respect and integrity among all members of its community.
>
> Recognizing the increasing incidence of violence in the workplace, the State of Hawai`i implemented a Workplace Non-violence Policy to increase awareness and protect its employees and the public against violence. Similarly, the University believes that students, faculty, staff, employees of contractors, and visitors to the campus must be able to learn and work in a safe environment.

[Id. at § I.] Lawson has not presented any evidence contesting the representation in EP 9.210's purpose statement that the policy was adopted in response to increasing incidents of workplace violence and to achieve the "civility, respect and

integrity" amongst University students, employees, and the public that is necessary for the University to accomplish its mission. Further, the Ninth Circuit "has recognized the needs of educational institutions to protect their employees and students from potentially harmful conduct." O'Brien v. Welty, 818 F.3d 920, 930-31 (9th Cir. 2016) (citation omitted).

This Court therefore concludes that Lawson has failed to carry his burden to establish that the number of unconstitutional applications of EP 9.210 is substantial in comparison to the legitimate purposes. Cf. C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000) ("When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." (citation and internal quotation marks omitted)). Lawson's Motion is denied as to the request for summary judgment as to the portion of Count VI alleging that EP 9.210 is overbroad on its face.

**2. EP 1.202**

As to the first step of the Hernandez analysis, EP 1.202 applies to conduct by University "students, employees,

and third parties" on University property, and the policy only applies to their conduct "[o]utside of University property if the conduct was in connection with a University-sponsored program or activity." [Lawson 1/6/26 Decl., Exh. W at 4, § III.B.] EP 1.202 prohibits: discrimination; discriminatory harassment; retaliation; the failure to comply with sanctions, remedies, and other corrective actions; and the making of false allegations and submission of false evidence. [Id. at 5-7, §§ III.C.1-5.] Similar to EP 9.210, EP 1.202 is not intended to apply to employee speech on matters of public concern made in the employee's capacity as a private citizen, but some applications of EP 1.202 may affect speech that is protected under the First Amendment.

EP 1.202's purpose statement notes:

> The University has a policy and procedure, to address Sex and Gender Based Misconduct, as required by federal and state laws, including but not limited to, Hawai`i Revised Statutes §304A-120, Title IX of the Education Amendments of 1972, and the Clery Act, as amended by the Violence Against Women Reauthorization Act of 2013. . . .

Id. at 1, § I; see also id. at 3, § III ("The University is committed to complying with all state and federal statutes, rules, and regulations which prohibit discrimination."). In addition to expressing the University's intent to comply with the applicable laws, EP 1.202 states:

> The University of Hawai`i is committed to maintaining a community that fosters understanding and mutual respect. The University believes that diversity among its many members strengthens the institution, stimulates creativity, promotes the exchange of ideas, and enriches campus life. To protect the diversity of people and ideas, we must provide an environment in which the civil rights and dignity of every individual are fully respected. Discrimination and harassment undermine the trust and mutual respect which must prevail if the students and employees of the University of Hawai`i are to reach their fullest potential. The University prohibits and does not tolerate discrimination or discriminatory harassment based on the protected categories as referenced in this policy. . . .

[Id. at 3, § III.] Lawson has not presented any evidence contesting the representations in EP 1.202 that the policy is necessary to comply with anti-discrimination laws and to foster diversity in the University's students and employees. This Court therefore concludes that Lawson has failed to carry his burden to establish that the number of unconstitutional applications of EP 1.202 is substantial in comparison to the legitimate purposes. Lawson's Motion is denied as to the request for summary judgment as to the portion of Count V alleging that EP 1.202 is overbroad on its face.

**B. Vagueness**

> To prevail on [a facial vagueness] challenge, plaintiffs must show either that the challenged provisions fail to afford employees "a reasonable opportunity to understand what conduct [they] prohibit[]," or that the provisions permit "arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732, 120 S. Ct. 2480,

> 147 L. Ed. 2d 597 (2000). If it is clear what the challenged provisions proscribe "in the vast majority of [their] intended applications," they cannot be deemed unconstitutionally vague on their face. Id. at 733, 120 S. Ct. 2480 (citation omitted).

Hernandez, 43 F.4th at 982 (some alterations in Hernandez).[8]

### 1. EP 9.210

Lawson argues the lack of definitions in EP 9.210 leaves the interpretation of the "operative terms – 'threatening,' 'hostile,' 'disruptive,' 'abusive,' 'belligerent' –" open to arbitrary and discriminatory determination by whoever is enforcing the policy at the time. [Motion, Mem. in Supp. at 15-16.] The Ninth Circuit rejected a similar argument regarding a California regulation that "authorizes branches of California State University to discipline students for conduct that 'threatens or endangers the health or safety of any person . . . including . . . intimidation [or] harassment.'" See O'Brien, 818 F.3d at 924 (quoting Cal. Code Regs., tit. 5, § 41301(b)(7)). In that case, the plaintiff-appellant "argue[d] that the terms 'intimidation' and 'harassment' involve subjective determinations that turn on

---

[8] Lawson's arguments based on Cohen v. San Bernardino Valley College, 92 F.3d 968 (9th Cir. 1996), and Lawson's arguments based on testimony of persons involved in the investigatory and disciplinary process in this case, see, e.g., Motion, Mem. in Supp. at 16, are rejected because they are not relevant to his claims that EP 9.210 and EP 1.202 are unconstitutionally vague on their face.

whether a particular individual finds the conduct to be intimidating or harassing," and "conduct that is 'offensive' but protected under the First Amendment is covered by the regulation." Id. at 930. The Ninth Circuit noted that the term "'harass'" was not a complicated term and was commonly understood. Id. The Ninth Circuit also noted the context in which the contested terms appeared. See id. ("In the challenged regulation before us, the terms 'harassment' and 'intimidation' do not stand on their own. Section 41301(b)(7) prohibits only 'harassment' or 'intimidation' that 'threatens or endangers the health or safety' of another in the university community.").

Similarly, the terms from EP 9.210, including – "threatening" and "hostile" are not complex terms, and they have commonly understood meanings. These words must also be read in the context of EP 9.210's overall purpose to prohibit conduct that "materially and substantially interferes with an individual's work, academic performance, and/or workplace safety and/or otherwise subjectively and objectively creates a hostile environment." See Lawson 1/6/26 Decl., Exh. X (EP 9.210) at 1, § III.A. EP 9.210 only prohibits written statements, verbal statements, or non-verbal gestures when a reasonable person would view them as "express[ing] or suggest[ing] the intent to cause physical or mental harm to another person." See id. Further, as noted *supra* Discussion Section III.A.1, the

University has a need to protect its students and employees. This Court therefore concludes that Lawson has failed to carry his burden to establish either that a University employee cannot reasonably understand what conduct is prohibited by EP 9.210 or that EP 9.210 can be arbitrarily and discriminatorily enforced. Lawson's Motion is denied as to his request for summary judgment as to the portion of Count VI alleging EP 9.210 is unconstitutionally vague on its face.

2. **EP 1.202**

Lawson argues EP 1.202 is unconstitutionally vague because it deems speech to be prohibited harassment based on the perceptions of the listener. See Motion, Mem. in Supp. at 17. This argument is rejected for similar reasons as the vagueness challenge to EP 9.210. The provisions of EP 1.202 are extensive and provide significant context for the application of the policy. "The fact that the terms may in some cases entail interpretation is not enough to sustain an overbreadth or vagueness challenge." O'Brien, 818 F.3d at 930 (citation omitted). This Court therefore concludes that Lawson has failed to carry his burden to establish either that a University employee cannot reasonably understand what conduct is prohibited by EP 1.202 or that EP 1.202 can be arbitrarily and discriminatorily enforced. Lawson's Motion is denied as to his

request for summary judgment as to the portion of Count V alleging EP 1.202 is unconstitutionally vague on its face.

**IV. Rule 56(g)**

Finally, Lawson argues that, if this Court does not grant summary judgment, it should issue "an order under [Federal] Rule [of Civil Procedure] 56(g) identifying the undisputed policy text and the legal issues that will govern the December 7, 2026 trial." [Motion at 3.]

> When a court "does not grant all the relief requested by the [summary judgment] motion," Rule 56(g) affords district courts the discretion to "enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. Pro. 56(g). The Rule's purpose is "to salvage some results from the effort involved" and to "narrow[] the scope of the trial." [6A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure] § 2737 [(3d ed.)]; see also id. ("If the court determines that summary judgment is not warranted, then it is appropriate to consider establishing undisputed material facts.").

Trendtex Fabrics, Ltd. v. NTKN, Inc., 735 F. Supp. 3d 1260, 1278 (D. Hawai`i 2024) (some alterations in Trendtex). This Court declines to establish a fact pursuant to Rule 56(g) because the instant Motion did not involve the presentation of significant evidence that an established fact could be based upon. Lawson's request for a Rule 56(g) order is therefore denied.

**CONCLUSION**

For the foregoing reasons, Lawson's Motion for Partial Summary Judgment on the Facial Overbreadth and Vagueness Components of Counts V and VI, or in the Alternative for Summary Adjudication Under Rule 56(g), filed July 7, 2026, is GRANTED IN PART AND DENIED IN PART. Lawson's Motion is GRANTED insofar as this Court rules that Lawson has standing to pursue the facial challenges in Counts V and VI. Lawson's Motion is DENIED in all other respects.

However, because Lawson has standing to bring the facial challenges in Counts V and VI, and because Defendants failed to file a motion seeking summary judgement on the claims for which Lawson sought summary judgment but failed to establish the claims, the claims will proceed to trial, which will begin on December 7, 2026. Lawson's facial challenges will proceed to trial unless Defendants: seek leave to file a motion for summary judgment; are granted leave to file a motion for summary judgment; and carry their burden of proof that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Because the dispositive motions deadline has passed, Defendants must establish good cause to amend the scheduling order to allow the filing of an additional motion for summary judgment. See Rule 16 Scheduling Order, filed 9/2/25 (dkt. no. 147), at ¶ 6 (stating the dispositive motions

deadline is 7/10/26); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>KENNETH L. LAWSON VS. UNIVERSITY OF HAWAII, ET AL</u>; CV 24-00172 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FACIAL OVERBREADTH AND VAUENESS COMPONENTS OF COUNTS V AND VI, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION UNDER RULE 56(G)**